## No. 154

### REAUGH v. REAUGH et

No. 20192. Supreme Court

On motion to certify. Dock. Nov. 29, 1926, 4 Abs. 805.

1271. WILLS—Can the Probate Court admit an unsigned paper to probate as a last will and testament without testimony and proof of same, and is such a proceeding one upon which error can be prosecuted to the Court of Appeals.

#### First Publication of this Case

On Jan. 9, 1920, Evaline M. F. Reaugh filed her application in the Cuyahoga Probate Court to probate a certain unsigned paper, which she claims was the last will and testament of Jacob A. Reaugh, deceased, and claiming further that the original will which had been executed had been lost and destroyed.

On the 4th day of March, 1926, the Probate Court admitted said unsigned paper to probate as the last will and testament of said Jacob A. Reaugh, deceased, and appointed The Cleveland Trust Company, the executor of said estate, said Trust Co. being named the executor under said alleged will.

The above ruling of the Probate Court was made in spite of the fact that there was no testimony tending to show that the alleged will was lost or destroyed subsequent to the death of the said Jacob A. Reaugh, the testator.

Error proceedings were instituted to the Cuyahoga Court of Appeals which were dismissed upon the ground that admitting an unsigned paper to probate was not a final order from which an appeal may be taken.

Reaugh contends in the Supreme Court that the Probate Court acts in a dual capacity in deciding whether or not such a will ever existed and was in existence after the death of such testator and was duly attested and executed and was lost, spoliated or destroyed subsequent to his death.

That if the court should find that there was such a will and in existence after the death of the testator, then it is the duty of the court to inquire into the facts whether or not at the time of executing the same the testator was of full age and of sound mind and memory and was not under any restraint.

Attorneys—Walter D. Meals for E. W. Reaugh; R. T. Sayer for E. M. Reaugh; both of Cleveland.

Note—Motion to certify overruled, 5 Abs. 44.